In the Matter of the Application of JOHN F. PATTERSON, as Receiver, etc., of JOSEPHINE L. LYLE, for Permission to Sell Certain Claims, etc., Belonging to the Judgment Debtor.

JOSEPHINE L. LYLE, a Judgment Debtor, and HENRY W. BRUSH, a Judgment Creditor, Appellants; JOHN F. PATTERSON, as Receiver, etc., Respondent.

*Receiver in supplementary proceedings — order of a county judge for the sale of a cause of action in suit — attorney's lien — receiver may be made a party — appeal.*

Where an attorney has a lien for services on his client's claim, or cause of action in a pending suit, the county judge should not direct that the cause of action be sold by a receiver of the client's property appointed in supplementary proceedings in another action on the application of a judgment creditor, whose claim is subject and subsequent to the attorney's lien and less in amount, where the attorney objects to such sale being made.

An order of the county judge directing such a sale affects a substantial right of the attorney and of the judgment creditor, and they may appeal therefrom, directly, under subdivision 2 of section 2433 of the Code of Civil Procedure, without first making a motion to vacate the order.

In such a case, if the receiver has reasonable grounds to believe that the interests of the creditor whom he represents will be endangered in the conduct of the pending action, he may apply to be made a party thereto.

APPEAL by Josephine L. Lyle, a judgment debtor, and another, from an order of the County Court of the county of Erie, entered in the office of the clerk of the county of Erie on the 29th day of July, 1896, authorizing John F. Patterson, as receiver of the property of Josephine L. Lyle to sell at public auction certain claims, demands and other property belonging to her.

*Charles W. Strong* and *Keeler & Marsh*, for the appellants.

*Eugene M. Bartlett* and *Elijah W. Holt*, for the respondent.

FOLLETT, J. :

At some time (the date not appearing), Charles A. Sommer recovered a judgment against Josephine L. Lyle for $106. Whether this judgment is an original judgment of the County Court, or was recovered in an inferior court and a transcript filed, does not appear.

June 23, 1896, Henry W. Brush recovered in the Supreme Court a judgment against Josephine L. Lyle for $431.76 damages and costs.

At some time (the date not appearing), Henry Guenther recovered a judgment in the County Court of the county of Erie against Josephine L. Lyle for $508.

January 15, 1896, Josephine L. Lyle began an action against Truman C. White in the Supreme Court to recover $2,500, alleged to be due for services alleged to have been performed by her for him, which action is at issue and is still pending.

At some time (the date not appearing), Emma K. White, the wife of Truman C. White, began an action against Josephine L. Lyle to foreclose a mortgage on real estate in which Josephine L. Lyle set up as a counterclaim said sum of $2,500, alleging that the money secured by the bond and mortgage was in fact owned by Truman C. White, who was the real party in interest, and that it was agreed that the amount due for commissions should be set off against the bond and mortgage, which action is at issue and is still pending. On the judgment recovered by Charles A. Sommer, the county judge of Erie county made, June 6, 1896, an order requiring the judgment debtor to appear and be examined, pursuant to section 2435 of the Code of Civil Procedure. She was examined, and, June 27, 1896, the respondent was duly appointed receiver, and qualified. July 1, 1896, orders were granted by some court or judge (it not appearing by what court or by what judge) extending the receivership to the aforesaid judgments recovered by Brush and Guenther. July 2, 1896, the receiver petitioned the County Court for permission to sell, by public auction, the claims of the judgment debtor against the Whites and certain other property.

Henry W. Brush is the attorney of record in the action brought by Josephine L. Lyle against Truman C. White, and asserts that he has a lien upon the claim in suit, by reason of his services, to the amount of $350. This is not denied.

Keeler & Marsh are the attorneys of record for the defendant in an action brought by Emma K. White against Josephine L. Lyle, and assert that they have a lien upon said claim of $240. This is not denied.

On the hearing of the application for leave to sell, Josephine L.

Lyle, Henry W. Brush and Keeler & Marsh appeared and opposed the motion upon the ground that their interests were prior to and larger than those of Charles A. Sommer, which would be destroyed by a sale of the claim to some person not interested in prosecuting it. Nevertheless, a sale was ordered. The receiver testified that, in his opinion, the claim was invalid, and could not be recovered. On the other hand, Mrs. Lyle and her attorneys testified that, in their opinions, the claim was valid, and that a recovery could be had thereon.

Under such circumstances, we think the court erred in granting this order upon the application of this judgment creditor, whose claim is smaller than and subsequent to those of the opposing creditors. The attorneys have a lien on this claim for their services which is prior to the claim of Sommer, and their rights ought not to be jeopardized by a sale to a purchaser who may have no interest in prosecuting the suit. The judgment debtor is enjoined from transferring or incumbering the claim in suit, and the rights of Sommer will not be injured by permitting it to be prosecuted by the original plaintiff in the action. But in case the receiver has reasonable ground to believe that the interests of the creditors whom he represents will be endangered, he may apply to be made a party to the actions in which the claim is sought to be enforced.

The order of the County Court affects the substantial rights of the judgment debtor and of Henry W. Brush, and on that ground they are entitled to prosecute an appeal from the order, and, it having been made by a county judge, the remedy of the party aggrieved is not by a motion to vacate it in the first instance, but by an appeal under the 2d subdivision of section 2433 of the Code of Civil Procedure. (*Billington* v. *Billington*, 16 Civ. Proc. Rep. 56.)

The order, in so far as it permits or directs a sale of the claim of $2,500, should be reversed, with costs to the appellants payable out of any funds in the hands of the receiver.

All concurred, except WARD, J., dissenting, and GREEN, J., not voting.

The order, in so far as it permits or directs a sale of the claim of $2,500, is reversed, with costs to the appellants payable out of any funds in the hands of the receiver.